McKnight and Brady v. Bright.

MCKNIGHT AND BRADY, ADM'RS, v. JOHN BRIGHT, &c.

1. Where the purchase money for land remains unpaid, it is a lien on said land against all subsequent purchasers, with notice. (Note a.)
2. A party cannot recover on a ground foreign to his bill.

APPEAL in Chancery from the Circuit Court of St. Louis county.

M'GIRK, C. J., delivered the opinion of the Court.*

The complainants' bill was dismissed: to reverse the decree of dismissal, the cause is brought to this Court.

The bill alledges, that on the 1st of August, 1819, John McKnight, one of the intestates, and Thomas Brady the other intestate, did make and execute their deed of conveyance, of and to a certain piece of ground in the town of St. Louis, to one Josiah Bright and one Charles Sanguinet and their heirs in fee, who were at that time

*Absent, Wash, J.

SUPREME COURT OF MISSOURI:

partners in trade. That on the face of the deed there is an acknowledgment that the consideration for the land was fifteen hundred dollars, and that the deed acknowledges the receipt thereof, in the usual form. That in truth no money was paid, but that to secure the payment of the consideration, two notes were executed by Sanguinet & Bright, for $750 each, to McKnight & Brady, on the 24th November, 1819. The one payable in January, and the other in June succeeding. No mention is made in these notes about the consideration thereof. The bill avers that these notes were given to secure the payment of the purchase money. The bill further alledges that a short time thereafter Sanguinet & Bright having contracted debts to a large amount, (111) dissolved partnership, and that being so indebted, they did on the 4th May, 1820, by a deed convey a part of said land to one Tholizon, the brother-in-law of said Sanguinet & Bright, for the expressed consideration of about $1600. That at the same time, Sanguinet conveyed by deed his half of the residue of the land to Bright and withdrew from the firm. That on the 19th May, 1820, Bright made a deed of mortgage of the premises to his father who lived in Massachusetts, to secure the payment of $8,000 due by Josiah Bright to John his father. That shortly thereafter Sanguinet & Bright took the benefit of the insolvent debtors.act.

The bill shows also, that other creditors of Sanguinet & Bright obtained judgment against them, had execution and levied the same on the mortgaged premises, had the same sold after Bright's mortgage was made, and the same was bought in by J. Bright, or for him, by his agent, for $50. That John Bright afterwards made a lease of the premises to John Shackford, who is also a defendant in the cause in Chancery. The bill charges that the deed from Bright & Sanguinet to Tholizon is fraudulent, as being made on the eve of insolvency, and the same being made on a feigned consideration. The proof is, that Sanguinet, one of the firm, owed Tholizon about $1,200 and not $1,500, and for that the deed was made.

The bill charges that the deed from Sanguinet to Bright was fraudulent for the same reasons. There is no positive proof for what reason this deed was made, but it is assigned by the appellee's counsel that there is enough on the record to show that it was in consideration that Bright had joined in the conveyance to Tholizon to pay Sanguinet's debt, and that Bright was to pay the debts of the firm. The bill insists that the mortgage deed by Josiah Bright to his father, is fraudulent for the same reasons.

The proof is, as appears by the answer of John Bright, that the firm of Sanguinet & Bright owed him at the date of the execution of the mortgage about $3,000, and that Josiah Bright owed him on his private account about $1,600.

The bill insists that the lease to Shackford is fraudulent and void, because derived through a fraudulent grantee.

The bill seeks to set these several deeds aside, and prays that the debt of Mc-Knight & Brady may be decreed a lien on the premises, and that the same may be sold to pay said debt.

The first point made by the appellant, is, that where the purchase money for land (112) remains unpaid, it is a lien on said land against all subsequent purchasers of said land, who purchase with notice of said purchase money being unpaid. It is conceded by the counsel on the opposite side that this is the law.

But it is insisted on by him that in this case there is no proof that John Bright or Shackford had any notice express or implied, that the purchase money was unpaid.

McKnight and Brady *v.* Bright.

And secondly, that in this case, there is no proof that the notes of Bright & Sanguinet, mentioned in the bill, were given to secure the payment of the purchase money of the premises.

The bill alledges that they were so given. The testimony of Sanguinet says, nothing about it; John Bright says in his answer, he knows nothing about it; and Shackford denies all knowledge on that subject. There is no other proof as to this matter. This is a material point to be proved, and for want of this proof, the lien, if no other reason stood in the way, cannot be set up.

It is insisted by appellant's counsel, that if this objection should prevail, yet that the deeds to Tholizon, Josiah Bright, John Bright, and the lease to Shackford, ought to be set aside as fraudulent, and the property subjected to the payments of debts, and particularly to the payment of this debt. The appellee's counsel makes two objections to this: First, that in this case, the bill proceeds on no such ground, and that the party cannot recover on a ground foreign to this bill. This is a solid objection, the bill seeks no such object. The other objection is, that the complainants. must do all they can at law, before they can go into chancery. This objection seems to be good as far as it is warranted by the record.

But the record shows that on one of these notes, judgment was obtained upon the whole matter.

The decree of the Court below, is affirmed.

Many other points were made in this case, which I will take no notice of, as this case is decided on the foregoing points.

(*a.*) See Marsh *v.* Turner & Lisle, 4 Mo. R., p. 253.